**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 17 2020

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SAMUEL ANDERTON                                                    PLAINTIFF

v.                          Case No. 4:20cv941-BRW

LOWE'S HOME CENTERS, LLC                                           DEFENDANT

## NOTICE OF REMOVAL

Defendant Lowe's Home Centers, LLC ("Lowe's"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action from the Circuit Court of White County, Arkansas, where it is pending as Case No. 73CV-20-329, to the United States District Court for the Eastern District of Arkansas. As grounds for this removal, Lowe's states:

1.       Plaintiff Samuel Anderton ("Plaintiff") filed this action in the Circuit Court of White County, Arkansas on May 26, 2020.

2.       Lowe's was served with a copy of the Complaint on June 9, 2020. Lowe's filed an Answer to the Complaint on June 15, 2020. Mr. Anderton subsequently filed his First Amended and Substituted Complaint on June 22, 2020. Lowe's filed its Answer to the First Amended and Substituted Complaint on June 24, 2020.

3.       Copies of the summonses and complaints filed in the state-court action are attached as Exhibit A in accordance with 28 U.S.C. § 1446(a). No other process, pleading, or order has been served upon Lowe's in the state-court action.

### Parties

4.       As alleged in the Complaint and First Amended and Substituted Complaint, Plaintiff is a citizen of White County, Arkansas. *See* Exhibit A, at 1, 15.

This case assigned to District Judge _Wilson_
and to Magistrate Judge _Deere_

5.     Lowe's is a foreign limited liability company formed and existing under the laws of the state of North Carolina with its principal place of business in the state of North Carolina. At all times pertinent, including the time of the filing of Plaintiff's complaint in the Circuit Court of White County, Arkansas, and the time of the filing of this notice of removal, Lowe's has consisted of only one member: Lowe's Companies, Inc. Lowes Companies, Inc., is a foreign corporation incorporated under the laws of the state of North Carolina with its principal place of business in the state of North Carolina.

## Jurisdiction and Basis for Removal

6.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  This action is removable under 28 U.S.C. §§ 1332, 1441, and 1446.

7.     Complete diversity of citizenship exists because at the time of the filing of Plaintiff's complaint and the time of the filing of this notice of removal, Plaintiff was (and is currently) an Arkansas citizen residing in White County, Arkansas and Lowe's was (and is currently) a foreign limited liability company formed and existing under the laws of the state of North Carolina with its principal place of business in North Carolina whose sole member, Lowe's Companies, Inc., was (and is currently) a foreign corporation incorporated under the laws of the state of North Carolina with its principal place of business in the state of North Carolina.

8.     The amount in controversy requirement is also met.  Plaintiff alleges that Lowe's is liable under a theory of negligence for his alleged injuries and damages. *See* Exhibit A, at 17. In both his Complaint and First Amended and Substituted Complaint, Plaintiff does not allege the amount he seeks to recover from Lowe's in this action. *See* Exhibit A, at 3, 17.  Plaintiff, however,

2

denied a Request for Admission requesting that he admit that he is seeking to recover in this action less than that required for diversity of citizenship jurisdiction. A copy of Plaintiff's response to the Request for Admission is attached as Exhibit B.

9.      Furthermore, prior to filing suit, Plaintiff made a settlement demand of $275,000.00, well in excess of the amount in controversy requirement. *See Applied Energy of AR-LA-MS, Inc. v. Pall Corp.*, No. 5:14CV00301 JLH, 2014 WL 12696866, at *1 (E.D. Ark. Oct. 29, 2014) ("[A] settlement demand can be considered for the limited purpose of determining the amount in controversy for jurisdictional purposes."). A copy of Plaintiff's settlement demand is attached as Exhibit C. Plaintiff claims damages for alleged past and future medical expenses, past and future loss of income, past and future pain and suffering, and permanent impairment. *See* Exhibit A, at 17. Plaintiff seeks to recover at least $47,091.45 in past medical expenses. A summary of Plaintiff's alleged medical bills is attached as Exhibit D. Plaintiff claimed in his settlement demand that his past and future income loss has been $12,000.00 to $15,000.00 per year since the alleged underlying incident occurred on November 12, 2018. *See* Exhibit C, at 4.

10.     Accordingly, this case is removable pursuant to 28 U.S.C. § 1441. It is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds the statutory requisite of $75,000.00.

11.     The removal of this action is timely under the provisions of 28 U.S.C. § 1446(b)(3). This case was not initially removable based on the allegations made in Plaintiff's Complaint and First Amended and Substituted Complaint because Plaintiff did not allege the amount he was seeking to recover in this action. Under Arkansas law, "in claims for unliquidated damage, a demand containing no specified amount of money shall limit recovery to an amount less than

3

required for federal court jurisdiction in diversity of citizenship cases, unless language of the demand indicates that the recovery sought is in excess of such amount." Ark. R. Civ. P. 8(a).

12.     28 U.S.C. § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Plaintiff's denial of Lowe's Request for Admission is an "other paper" demonstrating that the amount in controversy requirement is satisfied. *See* 28 U.S.C.A. § 1446(c)(3)(A) ("If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."); *see also Harden v. Field Mem'l Cmty. Hosp.*, 516 F. Supp. 2d 600, 609 (S.D. Miss. 2007), *aff'd*, 265 F. App'x 405 (5th Cir. 2008) (denying motion to remand because defendant removed within 30 days of receipt of plaintiff's "evasive response to the defendants' requests for admission" on damages, which the Court concluded were "tantamount to a denial").

13.     Lowe's filed this notice of removal within 30 days "after receipt" of Plaintiff response to the Request for Admission. 28 U.S.C.A. § 1446(c)(3)(A). Plaintiff claims to have served a copy of his response on Lowe's by mail on June 23, 2020. *See* Exhibit B, at 1. Lowe's, however, did not receive a copy of Plaintiff's response in the mail or any other means. *See* Affidavit of Thomas G. Williams, attached as Exhibit E, ¶ 5. Lowe's did not receive a copy of Plaintiff's response until August 17, 2020, when counsel discovered a filed copy of Plaintiff's response in the Circuit Court of White County's docket. Exhibit E, ¶ 4. The Circuit Court of White County does not accept electronic filing and does not provide electronic notification of

4

conventional filings to parties or their counsel, so Lowe's was not informed when Plaintiff filed his response with the state court. Exhibit E, ¶ 6. If Lowe's had previously received notice of Plaintiff's response on an earlier date, it would have filed this notice of removal. Exhibit E, ¶ 7. Indeed, the sole reason for serving the Request for Admission was to determine to removability of this action. Exhibit E, ¶ 3. Accordingly, Lowe's first received Plaintiff's response to the Request for Admission on August 17, 2020, meaning this Notice of Removal is timely under 28 U.S.C.A. § 1446(b)(3).

14.     Lowe's, upon filing this notice of removal, is filing a copy of this notice of removal with the Clerk of the Circuit Court for White County, Arkansas, which has effected this removal in accordance with 28 U.S.C. § 1446(d).

15.     Written notice of removal is being served upon Plaintiff in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Lowe's Home Centers, LLC hereby removes this action to this Court and prays that this Court exercise jurisdiction over this matter and grant to Lowe's, LLC all proper relief to which it is entitled.

> QUATTLEBAUM, GROOMS & TULL PLLC
> 111 Center Street, Suite 1900
> Little Rock, Arkansas 72201
> Telephone: (501) 379-1700
> Facsimile: (501) 379-1701
> twilliams@qgtlaw.com
> ckeller@qgtlaw.com

By: _____

> Thomas G. Williams (88186)
> Christoph Keller (2015145)

*Attorneys for Lowe's Home Centers, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of August 2020, a copy of the foregoing was served by United States mail, postage prepaid, upon plaintiff's counsel:

Marcus Vaden, Esq.
THE MARCUS VADEN LAW FIRM
P.O. Box 203
Conway, AR 72033

_____
Thomas G. Williams

IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
_____ | _____ DIVISION



SAMUEL ANDERTON                                                    PLAINTIFF

V.                              NO. 73CV-20-329

LOWE'S HOME CENTERS, LLC                              DEFENDANT

## COMPLAINT

Comes now Plaintiff, Samuel Anderton, by and through his attorney, Marcus Vaden,

and for his cause of action against the Defendant, Lowe's Home Centers, LLC. states

as follows:

### PARTIES AND JURISDICTION

1.      Plaintiff is a citizen and resident of White County, Arkansas.

2.      Defendant is a foreign limited liability company registered to do business in the

State of Arkansas.

3.   This is an action is an action for personal injury occurring at Defendant's

place of business located at 3701 E Race Avenue, Searcy, White County, Arkansas on November

12, 2018.

4.      Jurisdiction and venue are proper in this Court.

### FACTS

5.   On November 12, 2018, Plaintiff was an invitee at Defendant's business.

1

EXHIBIT A

6. As Plaintiff shopped in Defendant's store, he stepped backwards into a cabinet sitting on a pallet in the aisle of Defendant's store left by Defendant's employees. The pallet jutted out from underneath the cabinet at least 3 to 4 inches forming a ledge. The pallet and the cabinet were completely covered in loosely wrapped cellophane which entangled Plaintiff's foot as he stepped backward. The merchandise negligently placed in the walkway of the store posed a hazard to Plaintiff and others as they shopped in Defendant's store.

COUNT 1 – PREMISES LIABILITY

7. The Plaintiff's fall caused him injuries which he suffered as the proximate result of the negligence of Defendant and its employees who created a dangerous, hazardous and unsafe condition. Defendant failed to maintain the common area of the business in a safe condition and failed to warn the Plaintiff of the dangerous, hazardous and unsafe condition which caused his fall.

8. Defendant also failed to inspect the premises; failed to provide Plaintiff with notice of the dangerous, hazardous and unsafe condition and negligently maintained ownership, control, operation, management and supervision of the walkways of the business.

9. As a result of the aforesaid negligence, Defendant is liable to Plaintiff for his injuries which were proximately caused by the aforesaid negligence.

10. As a result of Defendant's negligence, Plaintiff suffered serious injuries and has incurred medical bills and endured pain and suffering and, in the future, may experience additional pain and suffering.

11. Any negligence of Defendant's employees is imputed to Defendant under the theory of Respondeat Superior.

2

# EXHIBIT A

## DAMAGES

12.  The injuries and damages sustained by Plaintiff as a result of Defendant's breach of the above duties include, but are not limited to, the following:

   a.  Medical expenses incurred in the past and transportation expenses to obtain medical treatment;

   b.  Physical pain and suffering to in the past;

   c.  Physical pain and suffering to be expected in the future;

   d.  Future medical expenses;

   e.  Past and future loss of income; and

   f.  Permanent impairment.

13.  Defendant's negligence was the proximate cause of Plaintiff's injuries and damages.

## DEMAND FOR JURY TRIAL

14.  Plaintiff demands a trial by jury.

15.  Plaintiff reserves the right to plead further to state additional claims and name additional parties to this action.

Respectfully submitted,

SAMUEL ANDERTON, PLAINTIFF

BY: _____

Marcus Vaden (89126)
The Marcus Vaden Law Firm
P. O. Box 203
Conway, AR  72033
Phone:  (501) 329-8723
Facsimile:  (501) 205-1278

3

**EXHIBIT A**

IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
____|____ DIVISION

SAMUEL ANDERTON                                              PLAINTIFF

VS.                          NO. 73CV-20-329

LOWE'S HOME CENTERS, LLC                                     DEFENDANT


THE STATE OF ARKANSAS TO DEFENDANT:

Lowe's Home Centers, LLC
Corporation Service Company, Agent for Service
300 Spring Building, Suite 900
300 S. Spring Street
Little Rock, AR  72201

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.

Within 30 days after service of this summons on you (not counting the day you received it) – or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas- you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

MARCUS VADEN
THE MARCUS VADEN LAW FIRM
600 SOUTH GERMAN LANE, SUITE 102
P. O. BOX 203
CONWAY, AR  72033

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional Notices:

CLERK OF COURT

Address of Clerk's Office

1

EXHIBIT A

WHITE COUNTY CIRCUIT CLERK
WHITE COUNTY COURTHOUSE
300 N. SPRUCE STREET
SEARCY, AR 72143



Diana Shelson, DC
**Deputy Clerk**

Date: _5-26-2020_

No._____ This summons is for Lowe's Home Centers, LLC

## **PROOF OF SERVICE**

_____ I personally delivered the summons and complaint to the individual at _____ on _____ day of _____, 2020; or

_____ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

_____ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____ with _____, a person at least 14 years of age who resides there, on _____ day of _____, 2020; or

_____ I delivered the summons and complaint to _____, an agent authorized by appointment or by law to receive service of summons on behalf of _____ on _____ day of _____, 2020; or

_____ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

_____ I am the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first- class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

_____ Other (specify): _____

2

EXHIBIT A

_____ I was unable to execute service because:

_____

_____

My Fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By:_____

_____

**Printed name, title and badge number**

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____

_____

**Printed name**

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____

**Notary Public**

3

**EXHIBIT A**

**My Commission expires:** _____

**Additional information regarding service or attempted service:**

_____

_____

EXHIBIT A

IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
FIRST DIVISION

SAMUEL ANDERTON                                                                    PLAINTIFF

V.                                    NO. 73CV-20-329

LOWE'S HOME CENTERS, LLC                                            DEFENDANT

## AFFIDAVIT OF SERVICE

I, Marcus Vaden, attorney for Plaintiff, after being duly sworn, do hereby state

under oath as follows:

1. A copy of the file-marked of the Complaint was served on Defendant, Lowe's

Home Centers, LLC, via Certified Mail, Return Receipt Requested No. 7015 0640 0001

9469 7911 on the 3rd day of June 9, 2020 (See Exhibit "A") and that Defendant received

same on the 9th day of June, 2020 as evidenced by the signature on the returned receipt

attached hereto (See Exhibit "B").

2. Further, Affiant sayeth not.

MARCUS VADEN (89126)
THE MARCUS VADEN LAW FIRM
P. O. BOX 203
CONWAY, AR  72033
(501) 329-8723
ATTORNEY FOR PLAINTIFF

Subscribed and sworn to before me this 12th day of _____, 2020.

Notary Public

My Commission Expires:

9/25/2025

LAMARY D. DODGE
MY COMMISSION # 12691306
EXPIRES: September 2025
Faulkner County

**EXHIBIT A**



# MV

## MARCUS VADEN
### LAW

June 3, 2020

CERTIFIED MAIL RETURN RECEIPT REQUESTED
NO. 7015 0640 0001 9469 7911

Lowe's Home Centers, LLC
Corporation Service Company, Agent For Service
300 Spring Building, Suite 900
300 S. Spring Street
Little Rock, AR 72201

    Re:    Samuel Anderton v. Lowe's Home Centers, LLC
           White County Circuit No. 73CV-20-329

Dear Sirs:

    Enclosed is a true and correct copy of a Summons and Complaint filed in the above styled case filed against Lowe's Home Centers, LLC by Samuel Anderton. Read carefully each word in the Summons and Complaint as it requires Lowe's Home Centers attorneys action within the prescribed time set out therein.

    Pursuant to "Amendments to the Rules of Civil Procedure" entered May 16, 1983, and under Rule 4(d), (1), (5), and (8), the receipt of this letter has the same legal effect as does the service or delivery of the enclosed papers by a Deputy Sheriff and you are hereby warned and advised that failure to take action on your part may result in a default judgment or entry of Orders by the Court adverse to your interest and you are encouraged strongly to immediately contact counsel of your own choice in order to protect your interests.

                              Sincerely,

                              Marcus Vaden

MV/jr

Enclosures: Summons and Complaint

Exhibit "A"

📞 501-329-8723    📍 PO Box 203 Conway, AR 72033    **FAX**    501-205-1278
                         600 South German Lane, Suite 102
                            Conway, AR 72034

www.marcusvadenlaw.com

EXHIBIT A

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lowe's Home Centers, LLC
Corporation Service Company
Agent for Service
300 Spring Bldg, Suite 900
300 S Spring Street
Little Rock, AR 72201

9590 9401 0028 5071 4510 39

2. Article Number *(Transfer from service label)*

7015 0640 0001 9469 7911

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent  ☑ Addressee

B. Received by (Printed Name)   C. Date of Delivery
JUN - 9 2020

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☑ No

LITTLE ROCK AR 72202

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053

Exhibit "13"

Domestic Return Receipt

EXHIBIT A

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Marcus Vaden
P.O. Box 203
Conway, AR 72033



USPS TRACKING#

Anderton

9590 9401 0028 5071 4510 39

EXHIBIT A



## IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
### CIVIL DIVISION

SAMUEL ANDERTON                                                    **PLAINTIFF**

v.                                  Case No. 73CV-20-329

LOWE'S HOME CENTERS, LLC                                          **DEFENDANT**

### **ANSWER**

Lowe's Home Centers, LLC ("Lowe's"), for its answer to plaintiff's complaint, states:

1.      Based on information and belief, Lowe's admits the allegations in paragraph 1 of plaintiff's complaint.

2.      Lowe's admits the allegations in paragraph 2 of plaintiff's complaint.

3.      Lowe's admits plaintiff alleges a personal injury claim against Lowe's relating to an incident at the Searcy, Arkansas Lowe's store. Lowe's denies the remaining allegations in paragraph 3 of plaintiff's complaint.

4.      Lowe's admits the allegations in paragraph 4 of plaintiff's complaint.

5.      Based on information and belief, Lowe's admits plaintiff was at the Searcy Lowe's on or about November 12, 2018. Lowe's lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 5 of plaintiff's complaint and, therefore, denies those allegations.

6.      Lowe's denies the allegations in paragraph 6 of plaintiff's complaint.

7.      Lowe's denies the allegations in paragraph 7 of plaintiff's complaint.

1

**EXHIBIT A**

8.     Lowe's denies the allegations in paragraph 8 of plaintiff's complaint.

9.     Lowe's denies the allegations in paragraph 9 of plaintiff's complaint.

10.    Lowe's denies the allegations in paragraph 10 of plaintiff's complaint.

11.    Lowe's denies the allegations in paragraph 11 of plaintiff's complaint.

12.    Lowe's denies the allegations in paragraph 12 of plaintiff's complaint, and each sub-paragraph thereto.

13.    Lowe's denies the allegations in paragraph 13 of plaintiff's complaint.

14.    Lowe's also demands a jury trial.

15.    Paragraph 15 of plaintiff's complaint does not contain any factual allegations that require an admission or denial by Lowe's; however, to the extent paragraph 15 of plaintiff's complaint is ever construed as containing factual allegations against Lowe's, Lowe's denies those allegations.

16.    Lowe's denies each and every allegation contained in plaintiff's complaint and not specifically admitted herein.

17.    Lowe's reserves the right to amend pleadings, including this answer, and to file other pleadings as appropriate.

18.    Lowe's specifically asserts that plaintiff's complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

19.    While Lowe's denies that plaintiff sustained any damages while on the premises of any Lowe's store, if any damages were sustained by plaintiff, they were caused by the fault or negligence of plaintiff or some other person over whom Lowe's had no control.

2

**EXHIBIT A**

20.     Lowe's affirmatively asserts the defenses of contributory negligence, comparative fault and assumption of the risk.

21.     Lowe's affirmatively asserts all defenses authorized by Arkansas Code Annotated and common law to each of the causes of action pleaded by plaintiff in plaintiff's complaint.

WHEREFORE, Lowe's Home Centers, LLC prays that this Court enter judgment in favor of Lowe's Home Centers, LLC dismissing plaintiff's complaint with prejudice and awarding Lowe's Home Centers, LLC its costs, attorney's fees and all other proper relief.

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street | Suite 1900
Little Rock, AR  72201
(501) 379-1700
(501) 379-1701 FAX
twilliams@qgtlaw.com

By_____
    Thomas G. Williams, Bar I.D. #88186

*Attorneys for Lowe's Home Centers, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 12th day of June 2020, a copy of the foregoing was served by United States mail, postage prepaid, upon plaintiff's counsel:

Marcus Vaden, Esq.
THE MARCUS VADEN LAW FIRM
P.O. Box 203
Conway, AR 72033

_____
Thomas G. Williams

3

**EXHIBIT A**

IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
CIVIL DIVISION

SAMUEL ANDERTON                                                    PLAINTIFF

V.                          NO. 73CV-20-329

LOWE'S HOME CENTERS, LLC                                 DEFENDANT

### FIRST AMENDED AND SUBSTITUTED COMPLAINT

Comes now Plaintiff, Samuel Anderton, by and through his attorney, Marcus Vaden,

and for his First Amended and Substituted Complaint against the Defendant, Lowe's Home

Centers, LLC and states as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff is a citizen and resident of White County, Arkansas.

2.    Defendant is a foreign limited liability company registered to do business in the

State of Arkansas.

3.·  This is an action is an action for personal injury occurring at Defendant's

place of business located at 3701 E Race Avenue, Searcy, White County, Arkansas on November

12, 2018.

4.    Jurisdiction and venue are proper in this Court.

### FACTS

5.   On November 12, 2018, Plaintiff was an invitee at Defendant's business.

1

EXHIBIT A

6. As Plaintiff shopped in Defendant's store, he stepped backwards into a cabinet sitting on a pallet in the aisle of Defendant's store left by Defendant's employees. The pallet jutted out from underneath the cabinet at least 3 to 4 inches forming a ledge. The pallet and the cabinet were completely covered in loosely wrapped cellophane which entangled Plaintiff's foot as he stepped backward. The merchandise negligently placed in the walkway of the store posed a hazard to Plaintiff and others as they shopped in Defendant's store.

## COUNT 1 – PREMISES LIABILITY

7. The Plaintiff's fall caused him injuries which he suffered as the proximate result of the negligence of Defendant and its employees who created a dangerous, hazardous and unsafe condition. Defendant failed to maintain the common area of the business in a safe condition and failed to warn the Plaintiff of the dangerous, hazardous and unsafe condition which caused his fall.

8. Defendant also failed to inspect the premises; failed to provide Plaintiff with notice of the dangerous, hazardous and unsafe condition and negligently maintained ownership, control, operation, management and supervision of the walkways of the business.

9. As a result of the aforesaid negligence, Defendant is liable to Plaintiff for his injuries which were proximately caused by the aforesaid negligence.

10. As a result of Defendant's negligence, Plaintiff suffered serious injuries and has incurred medical bills and endured pain and suffering and, in the future, may experience additional pain and suffering.

11. Any negligence of Defendant's employees is imputed to Defendant under the theory of Respondeat Superior.

2

**EXHIBIT A**

## DAMAGES

12.   As a direct and proximate result of the negligence of all Defendants, Plaintiff

Samuel Anderton, has sustained the following damages in an amount that exceeds the minimum

requirements for federal diversity jurisdiction as follows:

    a.   Medical expenses incurred in the past and transportation expenses to obtain
medical treatment;

    b.   Physical pain and suffering to in the past;

    c.   Physical pain and suffering to be expected in the future;

    d.   Future medical expenses;

    e.   Past and future loss of income; and

    f.   Permanent impairment.

13.   Defendant's negligence was the proximate cause of Plaintiff's injuries and damages.

## DEMAND FOR JURY TRIAL

14.   Plaintiff demands a trial by jury.

15.   Plaintiff reserves the right to plead further to state additional claims and name

additional parties to this action.

Respectfully submitted,

SAMUEL ANDERTON, PLAINTIFF

BY: _Marcus Vaden_

Marcus Vaden (89126)
The Marcus Vaden Law Firm
P. O. Box 203
Conway, AR  72033.
Phone:  (501) 329-8723
Facsimile:  (501) 205-1278

3

EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that on this ___14th___ day of Jun3, 2020, a copy of the foregoing was served by United States mail, postage prepaid, upon Defendant's counsel:

Thomas G. Williams
Quattlebaum, Grooms & Tull, PLLC
111 Center Street, Suite 1900
Little Rock, AR  72201

Marcus Vaden

**4**

**EXHIBIT A**

PM 1 2 3 4 5 6 7 8 9 10 11 12
FILED
JUN 2 4 2020
TAMI KING
WHITE CO.
CIRCUIT CLERK
AM 1 2 3 4 5 6 7 8 9 10 11 12

IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
CIVIL DIVISION

SAMUEL ANDERTON                                                    PLAINTIFF

v.                                    Case No. 73CV-20-329

LOWE'S HOME CENTERS, LLC                                          DEFENDANT

### ANSWER TO FIRST AMENDED AND SUBSTITUTED COMPLAINT

Lowe's Home Centers, LLC ("Lowe's"), for its answer to plaintiff's first amended and substituted complaint, states:

1.      Based on information and belief, Lowe's admits the allegations in paragraph 1 of plaintiff's first amended and substituted complaint.

2.      Lowe's admits the allegations in paragraph 2 of plaintiff's first amended and substituted complaint.

3.      Lowe's admits plaintiff alleges a personal injury claim against Lowe's relating to an incident at the Searcy, Arkansas Lowe's store. Lowe's denies the remaining allegations in paragraph 3 of plaintiff's first amended and substituted complaint.

4.      Lowe's admits the allegations in paragraph 4 of plaintiff's first amended and substituted complaint.

5.      Based on information and belief, Lowe's admits plaintiff was at the Searcy Lowe's on or about November 12, 2018. Lowe's lacks sufficient information or knowledge to admit or

1

**EXHIBIT A**

deny the remaining allegations in paragraph 5 of plaintiff's first amended and substituted complaint and, therefore, denies those allegations.

6.      Lowe's denies the allegations in paragraph 6 of plaintiff's first amended and substituted complaint.

7.      Lowe's denies the allegations in paragraph 7 of plaintiff's first amended and substituted complaint.

8.      Lowe's denies the allegations in paragraph 8 of plaintiff's first amended and substituted complaint.

9.      Lowe's denies the allegations in paragraph 9 of plaintiff's first amended and substituted complaint.

10.     Lowe's denies the allegations in paragraph 10 of plaintiff's first amended and substituted complaint.

11.     Lowe's denies the allegations in paragraph 11 of plaintiff's first amended and substituted complaint.

12.     Lowe's denies the allegations in paragraph 12 of plaintiff's first amended and substituted complaint, and each sub-paragraph thereto.

13.     Lowe's denies the allegations in paragraph 13 of plaintiff's first amended and substituted complaint.

14.     Lowe's also demands a jury trial.

15.     Paragraph 15 of plaintiff's first amended and substituted complaint does not contain any factual allegations that require an admission or denial by Lowe's; however, to the extent paragraph 15 of plaintiff's first amended and substituted complaint is ever construed as containing factual allegations against Lowe's, Lowe's denies those allegations.

2

**EXHIBIT A**

16.     Lowe's denies each and every allegation contained in plaintiff's first amended and substituted complaint and not specifically admitted herein.

17.     Lowe's reserves the right to amend pleadings, including this answer, and to file other pleadings as appropriate.

18.     Lowe's specifically asserts that plaintiff's first amended and substituted complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

19.     While Lowe's denies that plaintiff sustained any damages while on the premises of any Lowe's store, if any damages were sustained by plaintiff, they were caused by the fault or negligence of plaintiff or some other person over whom Lowe's had no control.

20.     Lowe's affirmatively asserts the defenses of contributory negligence, comparative fault and assumption of the risk.

21.     Lowe's affirmatively asserts all defenses authorized by Arkansas Code Annotated and common law to each of the causes of action pleaded by plaintiff in plaintiff's first amended and substituted complaint.

WHEREFORE, Lowe's Home Centers, LLC prays that this Court enter judgment in favor of Lowe's Home Centers, LLC dismissing plaintiff's first amended and substituted complaint with prejudice and awarding Lowe's Home Centers, LLC its costs, attorney's fees and all other proper relief.

3

**EXHIBIT A**

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street | Suite 1900
Little Rock, AR  72201
(501) 379-1700
(501) 379-1701 FAX
twilliams@qgtlaw.com


By_____
      Thomas G. Williams, Bar I.D. #88186

*Attorneys for Lowe's Home Centers, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 23rd day of June 2020, a copy of the foregoing was served by United States mail, postage prepaid, upon plaintiff's counsel:

Marcus Vaden, Esq.
THE MARCUS VADEN LAW FIRM
P.O. Box 203
Conway, AR 72033


_____
Thomas G. Williams

4

**EXHIBIT A**



IN THE CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
FIRST DIVISION

SAMUEL ANDERTON                                        PLAINTIFF

V.                              NO. 73CV-20-329

LOWE'S HOME CENTERS, LLC                              DEFENDANT

## RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION

Comes now Plaintiff, Samuel Anderton, and for his response to Defendant's First

Set of Requests for Admission states:

**REQUEST FOR ADMISSION NO. 1:** Admit that the amount of damages you

are seeking to recover in this action is less than that required for federal jurisdiction based

upon diversity of citizenship.

**RESPONSE:** Denied.

SAMUEL ANDERTON, PLAINIFF

MARCUS VADEN (89126)
THE MARCUS VADEN LAW FIRM
P. O. BOX 203
CONWAY, AR 72033
(501) 329-8723
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that, on this 23rd day of June, 2020, a copy of the foregoing
was serviced by United States mail, postage prepaid, upon plaintiff's counsel:

Thomas G. Williams
Quattlebaum, Grooms & Tull, PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201

**EXHIBIT B**

By: _____
Marcus Vaden (89126)

**EXHIBIT B**

March 11, 2020

John.p.stutts@Lowes.com (6-8-20)


John Simpkins
Claims Examiner
Lowe's Companies-Risk Management Department
P. O. Box 14072
Lexington, KY 40512

Re: Your file No. 301813659660001
    My Client: Samuel Anderson
    Date of Loss: 11-12-18

Dear Mr. Simpkins:

As you know, I represent Samuel Anderton in his claim for injuries and damages sustained in your store located in Searcy, Arkansas as the result of a fall on November 12, 2018.   Liability is clear in this case. Mr. Anderton fell because the store had placed a cabinet setting on a pallet in the aisle of your store. The pallet jutted out from underneath the cabinet at least 3 to 4 inches forming a ledge.  To make matters worse, the pallet and the cabinet were completely covered in loosely wrapped cellophane.  In addition, there were appliance boxes stacked in the aisle forming a maze of boxes in the walkway. When Mr. Anderton fell backwards into all the boxes, his cries for help went unnoticed by the Lowe's employees.  Fortunately, Mr. Anderton managed to call 911 from his cell phone and the ambulance arrived just shortly after the store employees realized Mr. Anderton was injured.   Clearly, this merchandise negligently placed in the walkway of the store posed a hazard to Mr. Anderton and others as they shopped in your store.

As the result of this fall, Mr. Anderton suffered trauma to his head, neck, legs and lower back and was in great pain.  He was transported via ambulance to a local hospital.

At White County Medical Center, Mr. Anderton was in distress as the result of his pain.  He had an unsteady gait and had to be lifted onto a cart.  He had severe pain in his neck and was experiencing distal sensation not intact, numbness to the hip and to the upper leg and to the lower leg on the right side.   He was given pain medication and underwent a CT scan of his head and neck.  At that time, he was diagnosed with a neck sprain and dismissed and told to seek additional medical care if his condition did not improve.

**EXHIBIT C**

John Simpkins
Claims Examiner
Lowe's Companies-Risk Management Department
Page 2

When Mr. Anderton's condition had not improved by November 27, 2018, he reported to Dr. J.R. Davidson at Family Practice Associates in Searcy, Arkansas complaining of significant neck and low back pain with numbness.  Dr. Davidson prescribed physical therapy.

Mr. Anderton reported for his physical therapy evaluation on December 12, 2018. At that time, the physical therapist said that therapy could not be performed due to the extreme pain Mr. Anderton was experiencing.

On December 5, 2018, he saw Dr. Davidson again. By that time, physical therapy had been discontinued by the physical therapist because Mr. Anderton's neck was unstable.  At that time, even though Mr. Anderton was taking pain medication, muscle relaxers and anti-inflammatories, he continued to have neck, back pain and decreased sensation to his bilateral extremities.

Mr. Anderton went back to White County Medical Center on December 17, 2018.  At that time, MRIs of the cervical and lumbar spine without contrast were done.   Mr. Anderton's MRI of the cervical spine showed bulging discs and his MRI of the lumbar showed he had multilevel degenerative changes with disc desiccation with annular tear and broad annular disc bulging with mild impression upon the thecal sac with facet degenerative change more pronounced on the right.

Mr. Anderton reported to Dr. Tim Burson at Baptist Health on January 31, 2019.   At that time, Mr. Anderton complained of aching and shooting gluteal and lumbar spine pain with associated symptoms that included numbness, tingling and weakness.   He also had worsening pain in his neck with numbness, tingling and weakness.

Dr. Burson requested MRIs be performed on the cervical and lumbar spine.  After reviewing the MRI results, on February 6, 2019, Dr. Burson did not feel Mr. Anderton was a surgery candidate and referred him to Pain Treatment Centers of America for pain control.

On February 19, 2019, at that time his pain was so severe that he was crawling around his house to move from one room to the other.   He saw Dr. Elizabeth Sullivan, a neurologist at Legacy Spine who prescribed spine injections.

On February 27, 2019, Mr. Anderton was transported by ambulance to Unity Health in Searcy, Arkansas after the entire left side of his body went numb and he lost control of his bladder.

Mr. Anderton saw Dr. Sullivan again on March 14, 2019.  At that time, she reviewed the MRIs done on February 27, 2019. Since she could find no reason for the loss of bladder control and increased pain, she referred him to Dr. Morris at UAMS for further evaluation.

**EXHIBIT C**

On March 20, 2019, Mr. Anderton reported to the Emergency Room at UAMS complaining of low back pain, neck pain, associated with weakness in the left leg which was acutely worse and tingling in the right hand.

John Simpkins
Claims Examiner
Lowe's Companies-Risk Management Department
Page 3

On May 13, 2019, Mr. Anderton saw Robert Rennert, a surgical resident at UAMS.   At that time, he felt there was not clear surgical target for Mr. Anderton's pain.  He was prescribed 6 weeks physical therapy with pain management to follow.

Mr. Anderton reported for physical therapy as Searcy Physical Therapy on May 14th, 17th, 21st, 23rd, 28th, 30th, 2019 and June 3rd, 4th, and 10th, 2019.

On June 11, 2019, Mr. Anderton returned to Dr. Davidson's office for help with pain. He continued to report for physical therapy on June 12th, June 17th, 19th.

On June 27, 2019, Mr. Anderton had an epidural steroid injection at UAMS.

Mr. Anderton saw Dr. Davidson again on July 17, 2019 to get a refill on his pain medication.

On September 9, 2019, Mr. Anderton reported to UAMS for education regarding back surgery.

On September 11, 2019. Anderton underwent a discectomy on September 11, 2019 and was discharged on September 12, 2019.

Mr. Anderton saw Dr. Davidson on September 16, 2019 because he had been unable to see his neurosurgeon.  At that time, Dr. Davidson noted that Mr. Anderton was having trouble moving and lifting his right foot.  At that time, Dr. Davidson wrote a prescription for a rolling walker with a seat for Mr. Anderton because of his inability to walk without a walker.

He reported back to Dr. Morris' office for follow up on September 23, 2019.  Physical therapy was prescribed.

Mr. Anderton returned to physical therapy on September 27th and October 2nd of 2019.

Mr. Anderton saw Dr. Davidson again on October 2, 2019.

Mr. Anderton had physical therapy on October 4th, 8th, 10th, 15th, 17th, 22nd 31st and November 5th, 7th, 20th, 27th and December 11, 2019.   He continues physical therapy at this time.

Mr. Anderton had a lumbar laminectomy nearly 30 years ago.  Prior to this accident, he had not experienced any back pain since he recovered from the laminectomy.  Since his fall in your store, he has undergone numerous doctor and hospital visits and has suffered excruciating pain which required oxycodone and morphine to help the pain.   To date, I have received medical bills totaling $47,091.45. Mr. Anderton will certainly incur additional medical bills in the future.

**EXHIBIT C**

Prior to the accident Mr. Anderton was self-employed in the remodeling business.  Unfortunately, Mr. Anderton's surgery offered him little relief.  He suffers pain and from neuropathy in his legs and falls regularly. At this time, he is still undergoing physical therapy and pain management and has to use a walker to ambulate.  Since the accident, he has been unable to return to work and has lost his ability to make a living.  His condition is so severe, that he has been issued a handicapped parking permit by his

John Simpkins
Claims Examiner
Lowe's Companies-Risk Management Department
Page 4

general practitioner.  At this time, his condition appears to be permanent and will require life time medical treatment.  Mr. Anderton estimates that his past and future income loss has been $12,000.00 to $15,000.00 per year.

As you can see from the records, Mr. Anderton has undergone constant pain and medical treatment since the accident. In this letter, I have outlined the pertinent medical information and have enclosed copies of Mr. Anderton's medical records and bills.

Even though, Mr. Anderton is still treating with his physicians, he has asked me to attempt to settle this matter because his inability in work has caused him great financial difficulty. While Mr. Anderton stands ready to go to trial, he would prefer his claim be handled in an expedient manner.   At this time, he has authorized me to settle this matter for $275,000.00.

I await your response to this offer of settlement.

Sincerely,

Marcus Vaden

MV/jr

Enclosures

EXHIBIT C

SAMUEL ANDERTON
MEDICAL RECORDS
DATE OF ACCIDENT 11-12-18

| | | |
|---|---|---|
| DR. TERRY FLETCHER<br>PAIN TREATMENT CENTERS OF AMERICA<br>403 S. POPLAR STREET<br>SUITE A<br>SEARCY, AR  72143<br>1-844-215-0731 | 7-25-19 – 11-29-19 | $2,847.00 |
| DR. J. R. DAVIDSON<br>FAMILY PRACTICE ASSOCIATES<br>SEARCY, ARKANSAS  72143<br>501- 268-3232 | | $2,444.00 |
| DR. TIMOTHY BURSON<br>BAPTIST HEALTH NEUROSURGERY<br>BAPTIST HEALTH DRIVE<br>SUITE 265<br>LITTLE ROCK, ARKANSAS  72205 | 1-31-19 | $159.00 |
| DR. ELIZABETH SULLIVAN<br>DR. SCOTT SCHELSINGER<br>LEGACY SPINE AND NEURO SPECIALIST<br>8201 CANTRELL ROAD, SUITE 265<br>LITTLE ROCK, AR  72227<br>501-661-0910 | | $1,765.00 |
| DR. T.W. MORRIS<br>UAMS<br>NEUROSURGERY DEPARTMENT<br>4301 WEST MARKHAM STREET<br>LITTLE ROCK, ARKANSAS<br>501-686-5270 | 3-20-19 – 9-23-19 | $6,752.00 |
| SEARCY PHYSICAL THERAPY<br>801 W. BEEBE CAPPS EXPRESSWAY<br>SEARCY, ARKANSAS  72143<br>501-277-2343 | 12-4-18 – 12-11-19 | 2,236.00 |
| UAMS  (Hospital)<br>PATIENT ACCOUNTS<br>4301 W. MARKHAM STREET | 3-20-19 – 9-12-19 | $28,901.79 |

EXHIBIT D

LITTLE ROCK, ARKANSAS

| | | |
|---|---|---|
| UNITY HEALTH – WHITE COUNTY MEDICAL CENTER ER<br>3214 E. RACE AVENUE<br>SEARCY, AR  72143 | (Two Occasions) | ? |
| NORTH STAR EMS AMBULANCE SERVICE<br>801 E. BEEBE CAPPS EXPRESSWAY<br>SEARCY, AR  72143 | 11-12-18<br>2-27-19 | $565.50<br>509.62 |
| HEALTH-WAY PHARMACY | 11-12-18 – 10-2-19 | 911.54 |
| | | $47,091.45 |

**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SAMUEL ANDERTON                                              PLAINTIFF

v.                              Case No. _____

LOWE'S HOME CENTERS, LLC                                     DEFENDANT

### AFFIDAVIT OF THOMAS G. WILLIAMS

Thomas G. Williams, first being duly sworn, upon oath and of personal knowledge states:

1. I am lead counsel for Lowe's Home Centers, LLC ("Lowe's") in this action. I give this affidavit in support of Lowe's Notice of Removal.

2. At all relevant times, I have served as Lowe's counsel in this action.

3. On June 12, 2020, Lowe's served on Plaintiff Samuel Anderton a Request for Admission asking him to admit that the amount of damages he was seeking to recover in this action is less than that required for federal jurisdiction based upon diversity of citizenship. The purpose of the Request for Admission was to determine if this action was removable.

4. On August 17, 2020, my assistant reviewed the Circuit Court of White County, Arkansas's docket for this action and discovered that Plaintiff filed a response denying Lowe's Request for Admission on June 24, 2020. This was the first notice Lowe's received of Plaintiff's response.

5. Plaintiff's response indicates that Plaintiff mailed a copy of his response to me on June 23, 2020. I did not receive Plaintiff's response in the mail. Our staff has confirmed that the office did not receive plaintiff's response in the mail, by fax, or by any other means. We also confirmed that there was no billing entry on this matter reflecting any review of Plaintiff's response to this Request for Admission, further confirming that this pleading was never received at our office.

# EXHIBIT E

6.   The Circuit Court of White County does not accept electronic filing and does not provide electronic notification of conventional filings to parties or their counsel, so Lowe's was not informed when Plaintiff filed his response in the state court action.

7.   If Lowe's had previously received notice of Plaintiff's response on an earlier date, it would have filed its notice of removal.

Further, affiant sayeth naught.

Thomas G. Williams

## **ACKNOWLEDGMENT**

STATE OF ARKANSAS          )
                                               ) SS.
COUNTY OF PULASKI         )

Subscribed and sworn to before me this 17th day of August, 2020.

My commission expires:



Notary Public

2

EXHIBIT E